**Xin Fang XUE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71567.

Agency No. A76–279–165.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

David Z. Su, Law Offices of David Z. Su, El Monte, CA, for Petitioner.

CAC–District Counsel, Los Angeles, CA, OIL, Donald E. Keener, Esq., Greg D. Mack, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM**

Xin Fang Xue, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' dismissal of an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding which was based on inconsistencies between Xue's asylum hearing testimony and two interviews conducted several days after he arrived in the United States. These inconsistencies regard Xue's reasons for leaving China and go to the heart of his claim that he fled China because his wife was forced to undergo an abortion. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Xue also produced a document that was inconsistent with his claim that his mother was arrested in lieu of his wife, who allegedly hid from family planning officials to avoid sterilization. *See id.* Accordingly, Xue is not eligible for asylum.

Because Xue failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.